Case number is 16-5348, Ace American Insurance Company et al., American Agribusiness Insurance Company appellate v. Federal Crop Insurance Corporation and Risk Management Agency. Mr. Tucci for the appellate, Mr. Shea for the appellate. Thank you, Mr. Shea. Good morning. Good morning, Your Honors. Michael Tucci on behalf of American Agribusiness Insurance Company. May it please the Court, I respectfully request two minutes be reserved for rebuttal. The very first pleading in this case in the District Court after the complaint and answer was a motion for entry of a scheduling order and a memorandum in support thereof. The first operative paragraph of that motion stated, the matter involves a review of a decision of the Civilian Board of Contract Appeals regarding breach of contract claims under the Standard Reinsurance Agreement between approved insurance providers in the Federal Crop Insurance Program and the defendants. The complaint also asserts several non-SRA-based causes of action that are outside the jurisdiction of the CBCA. When the government responded to that motion, it stated it is defendants' belief that this case is one for review of an administrative record in which discovery typically is inappropriate. At the very outset of this case, both parties, and particularly the government, understood that the complaint raised questions concerning the Board's order as well as additional causes of action that are beyond the jurisdiction of the Board. That in no way is a disclaimer of review under the APA. And in fact, the complaint in this case stated in the alternative in Count 7 that the decision of the Board is not supported by the record. The decision fails to address facts. The decision failed to address claims. The decision ignored central legal premises. And in the ultimate portion of that count, the claim was made that the decision was erroneous as a matter of law. A classic APA claim pled in the alternative. Do you think that's a classic APA claim? I'm not seeing any reference. I think a classic pleading would refer to the statute. It might say something about arbitrary and capricious, those buzzwords. It states in that paragraph all of the case law concerning what is arbitrary. It basically defines arbitrary and capricious. In Marsh v. Oregon Natural Resources, whether the agency acted within the scope of its legal authority, whether the agency has explained its decision, whether the facts on which the agency purports to have relied have some basis in the record, and whether the agency considered the relevant factors, the definition of arbitrary and capricious. And this isn't a case about whether the pleading was defective. What the district court held and what the government argued is that there was a disclaimer of the APA review. And there is in no way a disclaimer of APA review. Nothing could be further from the truth. What this case is, Your Honors, is a difference with respect to the jurisdiction that's afforded the board. We've got two statutes and a regulation at issue here. The first statute, 7 U.S.C. 1506D, provides that the district courts of the United States shall have exclusive original jurisdiction of all suits brought by or against the corporation. It's a classic sue and be sued clause. If that was the only statute we were dealing with, it would be clear that the insurance company's complaints against the government would be an action filed in the district court downstate. Totally clear. But we have another statute that was enacted in 1984 by Congress, which is 7 U.S.C. 6912E, which states a person shall exhaust all administrative appeal procedures established by the secretary or required by law before the person may bring an action in a court of competent jurisdiction. 1506D says the district court is the court of competent jurisdiction. 6912E is a modifier of that. But the important language in that statute is procedures established by the secretary. It's not every dispute. And there's only one regulation that's been promulgated by the secretary that has any relevance to this case, and it is 7 CFR 400.169, which says that you go to the agency and thereafter you go to the board if the corporation has taken an action that is not in accordance with the provisions of the standard reinsurance agreement. It's very specific. Taken an action not in accordance with the provisions of the standard reinsurance agreement. It's not anything related to the relationship between the government and the insurers. It's not anything implied by the relationship between the government and the insurers. It is an action not in accordance with the provisions of the agreement. It is nothing more than an express breach of the agreement. That's it. That is the only thing that has been delegated to the board. The board has contract disputes jurisdiction for procurement contracts, but this is not a procurement contract, so it gets its jurisdiction solely from the delegation from the secretary, and it's only for an express breach of the agreement. A good example of that is the complaint makes a claim that the contract should be rescinded on the basis of mutual mistake. Mutual mistake of material fact. That in no way can be pigeonholed into an action not in accordance with the provisions of the standard reinsurance agreement. And because it doesn't fit, it has to go to the district court under 1506D. That is why the posture of this case is what it is. There's a lot of confusion around this because the government says any dispute goes to the board. We say not quite. Why don't we read what the regulation says and only refer to the board that which is applicable under the regulation, and that is only express breach of contract. Now, because of this confusion and the arguments that have been made, so if I understand your position correctly, you don't have to go to the civilian board of contract appeals with your mutual mistake argument. That's correct. You can just take it straight to the district court. Yes, but as a matter of... But you didn't do that here. And the reason we do it is because of the position that the government has taken up to this point and the position, quite frankly, that the board has taken. The government has always taken the position that everything goes to the board. Now, what if we're wrong? We have to go to the board, or we risk losing a potential claim that we could bring up for review to the district court under the APA. And that's what we do. And in front of the board, we argue, you don't have jurisdiction over this. You don't have jurisdiction over this, but this is what we think about. You don't have jurisdiction over this, but this is what we think about. The board never addressed any of our jurisdictional arguments. It just decided the case as if it had jurisdiction. There's no jurisdictional finding from the board. So you believe that this is a statutory and regulatory scheme that was created by Congress where there's actually no agency review for these sorts of claims that they should go straight to the court? That's exactly right. We have 1506D that says you go to court. And the secretary promulgated this regulation. If they wanted to cover more, they could have covered more, but they didn't. They wrote a regulation that says actions not in accordance with the provisions of the standard reinsurance agreement. That's it. There is no other agency review of a dispute between an insurance company and the FCIC. And how are we to review their interpretation of their regulation? Well, it would be a de novo review. Why is that? When do we ever review an agency's interpretation of their own regulation? Well, I don't know that the agency's interpretation is actually before you. I mean, there is an argument before you, which is that these types of disputes go to the board. Or actually, that may not even be before you because that was what happened at the board, if you will. And they're the appellant here. I mean, excuse me, the appellee here. And I'd point out as well, even the board understood that a promissory estoppel or an unjust enrichment claim was outside the jurisdiction of the board. So where does that go? It has to go to the district court under 1506D. I respectfully reserve the rest of my time for rebuttal. Good morning, Your Honors. May it please the Court. My name is Nithin Shah, and I'm here on behalf of the government. Every claim in this case involves a question of what the terms are of the standard reinsurance agreement, and particularly whether the rate-setting methodology of the Federal Crop Insurance Corporation is itself part of the standard reinsurance agreement. Plaintiffs have tried to dress the claim up eight different ways, but every single one of those claims, including the statutory claims, ultimately comes down to that contractual issue. The plaintiff appeared to recognize that and went to the Board of Contract Appeals, never questioned its jurisdiction, and obtained a full adjudication of its claims. It's nevertheless asking this court to let it essentially throw that decision in the trash and start from scratch with de novo re-adjudication of all of those claims and an additional claim that it never presented to the board. That result is not consistent with subtle principles of administrative review, and it's not compelled by the statutory scheme at issue here. The plaintiff seeks to circumvent the reticulated administrative review regime that the secretary has established pursuant to a mandatory exhaustion statute. It would allow piecemeal and potentially conflicting adjudications by the board and by the district court of closely related claims. Why don't you make of your friend's argument that even though in response to our questions it didn't seem like the complaint was alleging an APA claim, he said, well, all the parts of an APA claim are there. Read the complaint, and it's got all the parts of what an APA claim would be. How do you reply to that? We think the district court correctly chose to hold the plaintiff to a strategic decision in this case to seek not APA review of the record, but de novo re-adjudication of the board's decision by attacking the jurisdiction of the board to actually make the decision that it made and indeed to decide all of the claims that are presented to it. But I'm asking you to talk about your view of the complaint itself. Is there an APA claim in the complaint? Maybe not most clearly pled, but all the elements are there? There's no suggestion that they're seeking administrative review. There's no reference to arbitrary and capricious. The claims as pled appear to be de novo claims of claims that may exist out there in the common law, but there's no indication that what they're seeking is administrative review of the decision of the board. And they further seem to disclaim that in response to the government's reply in response to the scheduling motion when they said actually what they were seeking is completely separate and apart from administrative review, they were seeking an original action with de novo review based upon the expansive discovery. I'm sorry. Didn't they ask for declaratory relief that there was error committed here? I mean, it's very general, but might that not be enough? There was a final claim in the complaint does seek a declaratory judgment setting aside the action of the corporation. So it's perhaps conceivable that one could read it that way in a vacuum. I think Judge Lambert's decision is, as I think the plaintiffs agreed, based upon the entire course of proceedings where it seemed very clear that plaintiffs had made a strategic decision to seek only de novo review and get discovery and start from scratch rather than obtaining arbitrary and capricious APA review, which is how we think this case ought to be channeled. I'm happy to answer any further questions of the court otherwise. Thank you very much. Thank you. In addition to the portions of the complaint that I pointed the court to earlier, paragraph 7 of the complaint says plaintiffs bring an original action seeking relief relating to claims that are outside the scope of CBCA jurisdiction as well as those appealed to CBCA. In the alternative, plaintiffs bring an original action seeking relief relating to claims that are outside the scope of the CBCA jurisdiction and seek a declaration that the CBCA order is in error. Again, this was not a case where the district court said your pleading is deficient. It said that we disavowed an APA review. We did not. We did not believe that the matters that were presented to the CBCA fit the delegation of jurisdiction to the CBCA. If we're wrong about that, we ask for APA review. If we're right about that, we get de novo review in the... we get de novo trial in the district court. It's an exclusive original action. It's important not to lose sight of the facts of this case. I mean, this really is a jurisdictional case, but this case involves the government inducing and misrepresenting facts to the insurance companies to get them to sign the SRA. It's not a breach of the SRA case. During the negotiation of the SRA, the government was asked repeatedly whether there was going to be a change in rating... This is rebuttal time. Are you responding to an argument the government made? I don't think so. Thank you, Your Honor. We have your argument. Thank you very much. Case is submitted.
judges: Griffith, Kavanaugh, Wilkins